Andrew McLain, J.,
delivered the opinion of the Court.
The defendant in this case, was indicted for larceny.
The record contains no charge of the Court, and none of the evidence.
It appears that the defendant was arraigned, and plead not guilty, and was tried and convicted; and his term of imprisonment in the penitentiary fixed by the jury at two years; and judgment was pronounced by the Court accordingly.
There is nothing irregular appearing in that part of the record that evidences these facts.
But there is a bill of exceptions in the transcript, from which it appears that the defendant, after the jury had returned their verdict, appeared in court and moved the Court to be discharged, for the reason that he was not present when the jury returned into court their verdict, but was confined in jail during the entire day.
It is further stated in this bill of exceptions, that the Court overruled this motion, and that thereupon the prisoner produced to the Court his own affidavit, and the affidavit of Johnson Williams, the sheriff, and prayed that they be made a part of the record in this case, which is done accordingly; and that defendant tendered this his bill of exceptions, and prayed that the same be made a part of the record in the cause, which was done, the Judge’s signature appearing at the close of this bill of exceptions. In another part of ' this transcript there appears an affidavit of the defendant, and also of Williams, the sheriff.
*340 It is plain that these affidavits constitute no part of the record in this cause. The bill of exceptions shows that it was ordered by the Court that the affidavit of defendant, and of the sheriff be made a part of the record, but no affidavits are set out in the bill of exceptions, or referred to as exhibits to the bill of exceptions, nor are the affidavits substantially stated. Whether the affidavits which the clerk has transcribed into the transcript before us, are the affidavits referred to in the bill of exceptions, or some others, we have no means of knowing.
The result is, that while we are of opinion that if in point of fact the defendant was not present in court when the., jury returned their verdict, but confined in jail at that time, that the verdict and judgment are void; yet, we are also of the opinion that we are not authorized by this record to say, that in point of fact, he was not present when the verdict was returned into court; but on the contrary, from what is in the transcript, that we consider to constitute the record, leads to the opposite conclusion.
The action of the Court thereupon, in overruling the motion, must be affirmed, and the judgment of the Court carried into execution.